UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA NAVARRO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FCA US LLC, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  20cv1335-MMA(RBB)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

　　　　Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **August 25, 2020**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

　　　　1.　　Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **October 23, 2020**.

　　　　2.　　All fact discovery must be completed by all parties by **February 26, 2021**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel must promptly and in good faith meet and confer**

**with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3. All motions for discovery shall be filed no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. The 30-day deadline will not be extended without a prior Court order; counsel cannot unilaterally extend the deadline. For example, ongoing meet-and-confer efforts, rolling document productions, or supplemental discovery responses do not extend the deadline. A failure to comply will bar the party from filing a corresponding discovery motion. For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the response. All interrogatories, requests for admission, and document production requests must be served by **December 18, 2020**.

4. The parties must designate their respective experts in writing by **March 26, 2021**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **April 9, 2021**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

///

5. By **May 7, 2021**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

6. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **May 21, 2021**.

7. All expert discovery must be completed by all parties by **June 18, 2021**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

8. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **July 16, 2021**.[1] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

10. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, supra, Judge Anello will

---

[1] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

11. Further settlement conferences shall be held at appropriate intervals during the course of the litigation before Magistrate Judge Ruben B. Brooks. A mandatory settlement conference date will be set at one of the scheduled settlement conferences.

All parties, claims adjusters for insured Defendants and non-lawyer representatives with complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference and at all in-person settlement conferences. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. Failure to attend or obtain proper excuse will be considered grounds for sanctions.

Confidential written settlement statements for the mandatory settlement conference shall be lodged with Judge Brooks no later than five court days before the mandatory settlement conference. The statements need not be filed with the Clerk of the Court or served on opposing counsel. The statements will not become part of the court file and will be returned at the end of the conference upon request. Written statements may be lodged with Judge Brooks either by mail, by email, or by delivery to the Clerk's Office.

Any statement submitted should avoid arguing the case. Instead, the statement should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

12. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

13. The dates and times set forth herein will not be modified except for good cause shown.

14. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

15. Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated:  August 25, 2020

_____
Hon. Ruben B. Brooks
United States Magistrate Judge

# CASE RESOLUTION GUIDELINES

## Attendance

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case. Failure to attend or obtain proper excuse will be considered grounds for sanctions.

## Case Resolution Conference Briefs

Written statements, when specifically requested, shall be lodged no later than five court days before the scheduled conference. The statements will not become part of the court file. Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail, by e-mail, or hand-delivery to the Clerk's Office in an envelope clearly marked "Confidential - Do Not File."

Any statement submitted should avoid arguing the case. Instead, the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.